*Wright v. Menard*, No. 218-4-18 Wncv (Teachout, J., Aug. 31, 2018).

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

## STATE OF VERMONT

SUPERIOR COURT       CIVIL DIVISION
Washington Unit        Docket No. 218-4-18 Wncv

DEVLIN WRIGHT
 Plaintiff

  v.

LISA MENARD, Commissioner,
Vermont Department of Corrections
 Defendant

## DECISION
### The State's Motion to Dismiss

Petitioner Devlin Wright, an inmate in the custody of the Commissioner of the Department of Corrections, filed this action seeking to raise an issue relating to the Department of Corrections' designation of him as a high-risk sex offender pursuant to 13 V.S.A. § 5411b. The State promptly filed a Rule 12(b)(1) motion to dismiss, arguing that Mr. Wright failed to exhaust his administrative remedies because he never appealed the designation administratively to the Sex Offender Review Committee. Vt. Admin. Code 12-8-4:4 § 4.5. Mr. Wright alleges that he filed and exhausted an ordinary grievance rather than an appeal to the Committee because he was expressly instructed to do so by his caseworker, Jeff Hill, and the assistant superintendent, Mike Lyons. He argues that the misdirection should estop the State from seeking to dismiss on exhaustion grounds.

There is no dispute that Mr. Wright received the notice of high-risk designation, and the notice explained than any appeal must be filed with the Sex Offender Review Committee. The State argues that, due to the clarity of the notice, there can be no estoppel in this case. It further argues that the Vermont Supreme Court has so ruled explicitly, citing *In re Landry*, 2015 VT 6, 198 Vt. 565.

*Landry* is not pertinent to this case. In *Landry*, a would-be administrative appellant unilaterally and repeatedly subjectively misunderstood the implications of appealing a denial versus filing a new application on the retroactivity of benefits. Nothing on the face of the notice was confusing in that regard and no agent of the State otherwise misrepresented anything to the appellant. There was no exhaustion issue presented. The allegation in this case is that two agents of the State, both in substantial positions of power and authority over Mr. Wright, specifically directed him to exhaust his administrative remedy in one way rather than another, and he did so. *Landry* did not address similar circumstances.

The obligation to exhaust an administrative remedy is contingent on the *availability* of that administrative remedy. Misrepresentation can render an otherwise available administrative

remedy no longer available and thus eliminate the obligation to exhaust. *Ross v. Blake*, 136 S. Ct. 1850, 1860 (2016). Mr. Wright alleges misrepresentation, but the petition is spare and the record does not contain enough facts for the court to rule that Mr. Wright should not be excused from the obligation to have appealed to the Committee. Moreover, in the petition, Mr. Wright claims that his high-risk designation violates his plea agreement, a claim that could be characterized as a post-conviction relief claim. Thus, if in fact Mr. Wright was directed to file an ordinary grievance rather than an appeal to the Committee, it is not clear that there was any jurisdictional defect in so doing.

Since there is a possibility that jurisdiction can be shown, the court declines to dismiss on the grounds claimed by the State.

ORDER

For the foregoing reasons, the State's motion to dismiss is *denied* at this time.

An amended complaint is due by September 21, 2018.

A stipulated pretrial schedule is due by October 5, 2018.

Dated at Montpelier, Vermont this _____ day of August 2018.

_____
Mary Miles Teachout
Superior Judge